IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Gregg Marcel Dixon,<br><br>       Plaintiff,<br><br>v.<br><br>James E. Clyburn, *individually and in his official capacity as a Member of the United States Congress*, and X Corp. *f/k/a Twitter, Inc.*,<br><br>       Defendants. | Case No. 9:23-cv-04500-SAL-MHC<br><br><br>**ORDER** |

  The matter is before the court on United States Magistrate Judge Molly H. Cherry's report and recommendation, ECF No. 43, issued October 10, 2024. The Report addresses two motions to dismiss plaintiff Gregg Marcel Dixon's amended complaint: (1) defendant James. E. Clyburn's motion to dismiss, ECF No. 34; and (2) defendant X Corp., f/k/a Twitter, Inc.'s motion to dismiss for lack of personal jurisdiction and failure to state a claim or motion to sever and transfer, ECF No. 35. For the reasons below, the court adopts the report and recommendation in full.

## BACKGROUND

  The magistrate judge's Report sets forth in thorough detail the relevant facts and standards of law on this matter. [*See generally* ECF No. 43.] Dixon, the only party who objected to the Report, does not object to the magistrate judge's recitation of the relevant facts and standards, so the court incorporates those facts and standards without a full recitation. *See id.* With that said, the court sets forth below an overview of the facts, taken in the light most favorable to Dixon.

  Dixon is a citizen and resident of Jasper County, South Carolina. [ECF No. 30, Am. Compl. ¶ 8.] At all times relevant to the complaint, Dixon was registered to vote in and was a candidate for the office of Member of Congress for South Carolina's 6th Congressional District.

1

*Id.* ¶ 9. Defendant Clyburn has served as the elected Member of the U.S. House of Representatives for the 6th Congressional District since 1993 and continued to serve in that capacity at all times relevant to Dixon's amended complaint. *Id.* ¶ 11. Defendant X Corp. is a privately held Nevada corporation that "owns, operates, manages, controls and set[s] policies and standards for the social media communications platform commonly known as Twitter . . . ." *Id.* ¶¶ 15–16. X Corp. allegedly maintains "exclusive and absolute control over the availability of content" on the Twitter platform. *Id.* ¶ 16.

Clyburn created and "exclusively controlled" two verified Twitter accounts which he "used to feature his job activities, work of the U.S. Congress, constituent concerns, and broadly communicate about job-related matters with the public, pursuant to his governmental authority and duty." *Id.* ¶ 17. In or around May 2022, Clyburn blocked and muted Dixon from accessing or posting on Clyburn's Twitter accounts and deleting comments Dixon posted. *Id.* ¶¶ 34–35. To date, Clyburn has not un-blocked or un-muted Dixon. *Id.* ¶ 35.

Dixon sued Clyburn in his individual and official capacities and X Corp., seeking to hold them liable for their actions in blocking and muting him from Clyburn's accounts. Dixon lodges a single claim against Clyburn under 42 U.S.C. § 1983 ("Section 1983"). *Id.* ¶¶ 38–43. In his Section 1983 claim, Dixon alleges Clyburn, while acting in his official capacity, retaliated against Dixon for criticisms Dixon aired about Clyburn by blocking and muting Dixon on Twitter. *Id.* ¶ 39. Dixon also alleges Clyburn used his Twitter accounts to quash political speech and prevent Dixon from exercising his rights to free speech in violation of the First Amendment. *Id.* ¶¶ 40–41.

Dixon also lodges a single claim against X Corp. for negligence. *Id.* ¶¶ 44–48. According to Dixon, X Corp. breached the duty of care it owed to Dixon by mismanaging its social media platform and failing to prevent the blocking and muting of Dixon on Twitter. *Id.* ¶¶ 46–47. Dixon seeks both injunctive relief and an award of compensatory damages of ten million dollars. *Id.* at "Wherefore" paragraph.

Clyburn and X Corp. moved to dismiss Dixon's amended complaint on June 25, 2024, and June 27, 2024, respectively. [*See* ECF No. 34; ECF No. 35.] After the parties fully briefed both motions, the magistrate judge issue her Report recommending the court grant both motions and dismiss Dixon's amended complaint. [*See generally* ECF No. 43.] Dixon objected to the Report, raising two objections to the magistrate judge's recommendation: (1) that the amended complaint provided a more detailed factual basis for Dixon's claims against Clyburn; and (2) that X Corp.'s arguments in support of its motion to dismiss for lack of personal jurisdiction is specious, at best. [*See* ECF No. 55 at 2.] The matters are thus fully briefed and ripe for resolution by the court.

### REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *Elijah v. Dunbar*, 66thge F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only

3

generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[a]n the absence of *specific* objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

Because Plaintiff is proceeding pro se, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**DISCUSSION**

As discussed above, two motions to dismiss were before the magistrate judge: (1) Clyburn's motion to dismiss, ECF No. 34; and (2) X Corp.'s motion to dismiss or sever and transfer, ECF No. 35. The court follows the magistrate judge's lead and addresses the motions in turn below.

**I.      Clyburn's Motion to Dismiss**

The magistrate judge here recommends the court dismiss Dixon's claims against Clyburn because Dixon has not alleged sufficient facts to state a plausible claim for violation of his First

4

Amendment rights or alleged any alleged violation was committed by a person acting under color of state law. [*See* ECF No. 43 at 5–12.] Dixon objects to this recommendation, urging the court to reject the magistrate judge's recommendation because "amended pleaded to provide a more detailed factual basis cures deficiency in pleading." [ECF No. 55 at 2.] Having carefully considered Dixon's objections, the court overrules the objection and adopts the magistrate judge's recommendation to dismiss Dixon's claims against Clyburn.

### A.     Rule 12(b)(6) Standard

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). To survive a motion under Rule 12(b)(6) the "complaint must complain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the complaint, the court accepts all well-pleaded allegations as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005). "A complaint should not be dismissed as long as it provides sufficient factual detail about the claim to show that the plaintiff has a more-than-conceivable chance of success on the merits." *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 511 (4th Cir. 2015) (internal quotation marks and brackets omitted).

The court must construe pro se pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But those principles do "not require courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The court also cannot ignore

a pro se plaintiff's failure to allege facts setting forth a cognizable claim. *See Weller v. Dept. of Soc. Servs., City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). Pro se complaints are thus subject to summary dismissal, less stringent standard notwithstanding. *Estelle v. Gamble*, 429 U.S. 97, 106–07 (1976).

### B.     Section 1983 Claims

Section 1983 "imposes liability on *state actors* who cause the deprivation of any rights, privileges, or immunities secured by the Constitution." *Doe v. Rosa*, 795 F.3d 429, 436 (4th Cir. 2015) (internal quotation marks omitted) (emphasis added). To state a plausible claim under Section 1983 a plaintiff must allege "the violation of a right secured by the Constitution and the laws of the United States" and show "the alleged deprivation was committed by a person acting *under color of state law*." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal citation and quotation marks omitted) (emphasis added). As the case law suggests, Section 1983 "protects against acts *attributable to a State*, not those of a private person." *Lindke v. Freed*, 601 U.S. 187, 194 (2024) (emphasis added). Section 1983 does not protect against acts attributable to federal officials, either. *Bulger v. Hurwitz*, 62 F.4th 127, 135 (4th Cir. 2023).

### C.     Analysis

Having thoroughly reviewed the record, the applicable law, and the parties' arguments, the court agrees with the magistrate judge's recommendation to dismiss Clyburn from this action. To prevail on a Section 1983 claim, a plaintiff must show that the alleged deprivation of rights was committed by someone acting under color of *state law*. As the magistrate judge notes, Dixon does not allege Clyburn acted under color of state law. Instead, Dixon asserts Clyburn acted in his official capacity as a United States Congressman. *See* Am. Compl. ¶¶ 11, 13–14, 17. Dixon has

thus not alleged his rights were violated by a person acting under color of state law, and, for this reason, his claim against Clyburn fails.

Dixon's claim also fails because he has not plausibly alleged a violation of his First Amendment rights. The Supreme Court has held that a government official's act of blocking or muting a citizen on social media may constitute state action under Section 1983 "*only if* the official (1) possessed actual authority to speak on the State's behalf, and (2) purported to exercise that authority when speaking on social media." *Lindke*, 601 U.S. at 198. Dixon here alleges Clyburn is an elected official who used his Twitter accounts "to feature his job activities, work of the U.S. Congress, constituent concerns, and broadly communicate about job-related matters with the public, pursuant to his governmental authority and duty." *See* Am. Compl. ¶ 17. But simply posting about matters within his authority does not by itself establish that Clyburn purported to exercise his official authority. *See Lindke*, 601 U.S. at 203. Though Dixon argues his amended complaint cures prior deficiencies, his amended complaint lacks facts showing Clyburn exercised actual authority to speak on behalf of the Legislature—or the state—when using his Twitter accounts.

For these reasons, the court overrules Dixon's objections to the magistrate judge's recommendation to dismiss his claims against Clyburn and grants Clyburn's motion.[1]

---

[1] Clyburn also argued Dixon's claims against him because he failed to properly assert a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Dixon did not respond to Clyburn's argument and did not specifically object to the magistrate judge's ruling that Dixon had thus waived any argument he alleged a *Bivens* claim. [*See* ECF No. 43 at 12, n.2; ECF No. 55.] The court agrees with the magistrate judge that Dixon has waived any argument he alleged a *Bivens* claim and, even if he did assert one, his First Amendment claim is not cognizable under *Bivens*. [*See* ECF No. 43 at 12, n.2 (citing *Dixon v. Royal Live Oaks Acad. of the Arts & Scis. Charter Sch.*, No. 9:22-cv-04198-SAL-MHC, 2024 WL 4284667, at *11 (D.S.C. Sept. 25, 2024) (internal citation omitted)).]

**II.     X Corp.'s Motion to Dismiss**

The magistrate judge recommends the court dismiss Dixon's claim against X Corp. for lack of personal jurisdiction.  [*See* ECF No. 43 at 12–19.]  Dixon objects to this conclusion, arguing only that X Corp.'s "arguments that the court lacks general and specific jurisdiction [are] specious, at best, and must be rejected." [ECF No. 55 at 2.]  Having carefully considered Dixon's objections, the court overrules the objection and adopts the magistrate judge's recommendation to dismiss Dixon's claims against X Corp.

**A.     Rule 12(b)(2) Standard**

A defendant may move to dismiss a plaintiff's claims against it because the court lacks personal jurisdiction over the defendant.  *See* Fed. R. Civ. P. 12(b)(2).  While a defendant must affirmatively challenge the court's personal jurisdiction, once such a challenge is raised "the plaintiff bears the burden of demonstrating personal jurisdiction at every stage" thereafter.  *Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016).  "The plaintiff must establish personal jurisdiction by a preponderance of the evidence but need only make a prima facie showing." *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 350 (4th Cir. 2020) (citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)).

Where, as is the case here, a party is a foreign corporation, the federal district court may only exercise personal jurisdiction over the corporation if: "(1) such jurisdiction is authorized by the long-arm statute of the state in which the district court sits; and (2) application of the relevant long-arm statute is consistent with the Due Process Clause of the Fourteenth Amendment." *Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 558 (4th Cir. 2014).  South Carolina "has interpreted its long-arm statute to extend personal jurisdiction to the constitutional limits imposed

by federal due process . . . ." *Foster v. Arletty 3 Sarl*, 278 F.3d 409, 414 (4th Cir. 2002). Thus, a court may exercise personal jurisdiction over a foreign corporation if it has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal citations omitted). A party is deemed to have minimum contacts with a jurisdiction if its "conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). There must be "some act by which the party "purposefully avails [itself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

The court must draw all reasonable inferences in the plaintiff's favor when determining whether personal jurisdiction and whether the defendant has sufficient minimum contacts with a jurisdiction. *See Carefirst of Maryland, Inc. v. Carefast Pregnancy Ctrs., Inc.*, 344 F.3d 390, 396 (4th Cir. 2003); *Ameristone Tile, LLC v. Ceramic Consulting Corp.*, 966 F. Supp. 2d 604, 610 (D.S.C. 2013).

**B.  Analysis**

Determining whether X Corp.—which the parties do not dispute is a foreign corporation—has sufficient minimum contacts with this jurisdiction depends on the type of personal jurisdiction Dixon alleges: general jurisdiction or specific jurisdiction. A federal court may exercise *general* jurisdiction over a defendant if the plaintiff demonstrates the defendant has continuous and systematic contact with the forum state. *See Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021); *Sneha Media & Ent., LLC v. Associated Broad. Co. P Ltd.*, 911 F.3d 192,

9

198 (4th Cir. 2018). But a court may exercise *specific* jurisdiction only if "the defendant purposefully established minimum contacts in the forum state such that it should reasonably anticipate being haled into court there on a claim *arising out of* those contacts." *Sneha Media*, 911 F.3d at 198. As the name suggests, specific jurisdiction reaches only specific claims "aris[ing] out of or relat[ing] to the defendant's contacts with the forum." *Ford Motor Co.*, 592 U.S. at 359 (internal quotation marks omitted). The court agrees with the magistrate judge: it lacks both general and specific personal jurisdiction over X Corp.

The "paradigm forum" for exercising general jurisdiction over a corporation is "one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). In other words, "the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (internal citations and quotation marks omitted). Dixon here alleges X Corp. is incorporated in Nevada. Am. Compl. ¶ 30. And X Corp., in turn submitted a Statement of Information identifying its principal place of business as San Francisco, California. [*See* ECF No. 35-3 at 2 ¶ 2; ECF No. 35-3 at 32.] Dixon did not dispute that neither X Corp.'s state of incorporation or principal place of business are in South Carolina in either his opposition to X Corp.'s motion or in his objections to the Report. [*See generally* ECF No. 41; ECF No. 55.] Nor does he show—much less allege or even argue—X Corp. has sufficient continuous and systemic contacts to render it essentially at home in South Carolina. The court thus concludes Dixon has failed to make a prima facie showing that of general jurisdiction over X Corp.

The court also agrees Dixon has not made a prima facie showing of specific jurisdiction. The Fourth Circuit considers three factors in this analysis: "(1) the extent to which the defendant

10

purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiff['s] claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 189 (4th Cir. 2016) (internal citation and quotation marks omitted). To establish specific jurisdiction ,a plaintiff *must* demonstrate a defendant purposefully availed itself of the privilege of conducting business in the forum state. *See id.* at 189–92 (plaintiff "falter[ed] on the first prong" and thus failed to make a prima facie showing of specific personal jurisdiction); *see also Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009) (noting the court will consider the second and third prongs "[i]f, and only if" the plaintiff satisfies the first prong).

Dixon fails on the first prong. In relevant part, he alleges that a "substantial portion of the acts that make up the basis of the Amended Complaint" occurred in South Carolina, citing (1) Twitter's online contacts with Dixon; (2) its "substantial digital presence" within South Carolina; (3) its online revenue-producing business activities in the state; and (4) the fact that Dixon and Clyburn both live in South Carolina and use Twitter. *See* Am. Compl. ¶¶ 5, 8, 12, 17, 29, 31–32. These allegations cannot carry Dixon's burden.

First, the mere availability of Twitter in South Carolina is insufficient to establish personal jurisdiction over X Corp: "The general availability of [a] website to South Carolina residents [] does not create the substantial connection to South Carolina necessary to support the exercise of jurisdiction." *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 143 (4th Cir. 2020). Courts in this circuit and district consistently hold that specific jurisdiction requires a defendant to direct its activity toward the forum state. *See, e.g.*, *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293

11

F.3d 707, 715 (4th Cir. 2022) (no specific jurisdiction in Maryland because, among other reasons, the defendant "did not direct its electronic activity specifically at any target in Maryland"); *Romero v. Meta Platforms, Inc.*, No. 7:23-cv-3306-TMC-KFM, 2024 WL 1554826, at *4 (D.S.C. Mar. 14, 2024) (finding it significant that the plaintiff did not "allege that Facebook has directed electronic activity into South Carolina by targeting that state in particular"), *report and recommendation adopted*, No. 7:23-cv-3306-TMC, 2024 WL 3466403 (D.S.C. July 19, 2024); *Conrad v. Benson*, Case No. 9:20-cv-1811-RMG, 2020 WL 4754332, at *4 (D.S.C. Aug. 14, 2020) (noting the defendant's website was "accessible to all but targeted at no one in particular") (internal citation and quotation marks omitted). Dixon's sole allegation here is that X Corp. has a "substantial digital presence" in South Carolina. Am. Compl. ¶ 5; *see also* ECF No. 41 at 4 (arguing X Corp. has "intentionally and purposefully availed itself of the privilege of conducting business in" South Carolina). But such conclusory allegations are plainly insufficient, and Dixon has not alleged X Corp. specifically targeted South Carolina in any meaningful way.

Nor are Dixon's allegations that Dixon and Clyburn used Twitter from within South Carolina, or that X Corp. has "online revenue[-]producing business activities" in this state, sufficient. The Supreme Court has made clear that jurisdiction requires the *defendant's* conduct— not merely the plaintiff's presence— to establish the necessary forum connection. *Walden v. Fiore*, 471 U.S. 277, 286 (2014). Put simply, "the plaintiff cannot be the only link between the defendant and the forum." *Id.* But that is precisely what Dixon's allegations amount to: he pleads no *facts* to support personal jurisdiction beyond his own and Clyburn's use of Twitter in South Carolina. Furthermore, Dixon's allegation that X Corp. has "online revenue[-]producing business activities within" South Carolina is entirely conclusory and unsupported by any factual allegations

12

. *See Magic Toyota, Inc. v. Se. Toyota Distributors, Inc.*, 784 F. Supp. 306, 313 (D.S.C. 1992) ("[T]hese allegations are vague and conclusory and do not set forth sufficient facts such that this Court can discern any contacts with this forum.") To exercise specific jurisdiction under those circumstances is plainly inappropriate.

Because Dixon has failed to establish a prima facie case for either general or specific jurisdiction over X Corp., the court agrees with the magistrate judge and overrules Dixon's objections. The magistrate judge's recommendation to dismiss Dixon's claims against X Corp. is adopted.

## CONCLUSION

After thoroughly considering the parties' briefing, the magistrate judge's report and recommendation, Dixon's objections, and the applicable law, the court overrules Dixon's objections and adopts the report and recommendation, ECF No. 43, in full. The court **GRANTS** defendant Clyburn's motion to dismiss, ECF No. 34, and **GRANTS** defendant X Corp.'s motion to dismiss, ECF No. 35.

The court hereby dismisses all claims against Clyburn and X Corp. and, thus, dismisses this action.

**IT IS SO ORDERED.**

January 31, 2025
Columbia, South Carolina

Sherri A. Lydon
United States District Judge

13